# *EXHIBIT A*

# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Macy's Mall Real Estate, LLC
Tim Billinghurst
Macy's, Inc.
145 Progress Place
Springdale OH 45246

November 29, 2023

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).   **ALL information should be verified by you.**

Item: 2023-2833

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Macy's Mall Real Estate, LLC |
| 2. | **Title of Action:** | Adnan Asmar and Sajda Asmar vs. Macy's Retail Holdings, LLC, a Foreign Limited Liability Company, and Macy's Mall Real Estate, LLC, a Foreign Limited Liability Company |
| 3. | **Document(s) Served:** | Law Firm Letter<br>Register of Deeds<br>Summons<br>Proof of Service |
| 4. | **Court/Agency:** | Macomb County 16th Judicial Circuit Court |
| 5. | **State Served:** | Michigan |
| 6. | **Case Number:** | 2023-003710-NO |
| 7. | **Case Type:** | Negligence/Premises Liability |
| 8. | **Method of Service:** | Certified Mail |
| 9. | **Date Received:** | Tuesday 11/28/2023 |
| 10. | **Date to Client:** | Wednesday 11/29/2023 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 21<br>Tuesday 12/19/2023    <span style="color:red">CAUTION:</span> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | David B. Timmis<br>Troy, MI<br>248-312-2901 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link and PDF Attachment |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 231 |
| 16. | **Notes:** | Also Attached:<br>* Complaint and Jury Demand etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

# VANDEVEER GARZIA

PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW

DAVID B. TIMMIS
Direct: (248) 312-2901
dtimmis@vgpclaw.com

840 West Long Lake Road
Suite 600
Troy, MI 48098-6340
T: (248) 312-2800
F: (248) 879-0042
www.vgpclaw.com

November 20, 2023

**VIA CERTIFIED MAIL**
Macy's Mall Real Estate, LLC
c/o Corporate Creations Network Inc., Resident Agent
2815 Haggerty Road
Novi, MI 48377

    Re:   *Adnan Asmar and Sajda Asmar v Macy's Retail Holdings, LLC, et al*
            Case No.: 2023-003710-NO (Caretti)
            Our File No.: A43-230371

Dear Resident Agent:

    Enclosed with this correspondence is a SUMMONS and COMPLAINT AND JURY DEMAND filed by Adnan and Sajda Asmar against Macy's Retail Holdings, LLC and Macy's Mall Real Estate, LCC in the Macomb County Circuit Court, which has been assigned case no. 2023-003710-NO and has been assigned to the Honorable Richard L. Caretti. Please provide a copy of the enclosed to your attorney and insurance companies. Please also note that there are time-sensitive deadlines that require your prompt attention.

    Also, enclosed with this correspondence is the Macomb County Clerk's Office notice relating to the mandatory e-filing requirements.

                        Very truly yours,

                        */s/ David B. Timmis*

                        David B. Timmis

DBT:amh
Enclosure



*Anthony G. Forlini*
Macomb County Clerk
Register of Deeds

Kathy Smith
Chief Deputy Clerk

Jennifer Walker
Deputy Register of Deeds

TO: Court Customer
FROM: Macomb County Clerk / Register of Deeds

CIRCUIT COURT CASE NUMBER: 2023-003710-NO

JUDGE: **RICHARD L. CARETTI**

This is to inform you that the above mentioned case is deemed an eFiling case pursuant to Administrative Order No. 2010-06.

It is MANDATORY that all further filings in this matter are to be filed electronically through the court's eFiling website at:

http:// mifile.courts.michigan.gov

Registration instructions, filing instructions, the administrative order and frequently asked questions can be found on the court's website at:

http://circuitcourt.macombgov.org/CircuitCourt-eFilingResources

All parties must register with the court and opposing parties one e-mail address for service. Service will be provided electronically to this email address. All parties must also register this email address with the TruFiling e-filing system. Each individual bears the responsibility for the accuracy of the registered email address.

For TrueFiling technical support, Please call 1-855-959-8868 or send an email to support@truefiling.com.

It is required that you serve this notification to all parties when perfecting service on the complaint. Also if you have not previously provided your email address to our office when submitting documents for filing, it is now required that you furnish it in order for us to update our records accordingly.

---

If you need help in submitting your filing electronically, assistance is available in the Circuit Court I.T. Department on the 6th Floor. Computers, scanners and staff are available to assist you during normal business hours 8:00 a.m to 12:00p.m. and 1:30 p.m.- 4:00p.m.

---

Macomb County Clerk's Office
40 North Main Street, Mount Clemens, MI 48043
586-469-5120, clerksoffice@macombgov.org
macombgov.org/clerk

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>16th JUDICIAL CIRCUIT<br>Macomb COUNTY | SUMMONS | CASE NO.<br>23- -NO<br>2023-003710-NO |
|---|---|---|

**RICHARD L. CARETTI**

Court telephone no. (586) 469-5351

**Court address**
40 N. Main, Mt. Clemens, MI 48043

| Plaintiff's name, address, and telephone no.<br>Adnan Asmar<br>Sajda Asmar | v | Defendant's name, address, and telephone no.<br>MACY'S MALL REAL ESTATE, LLC<br>c/o Corporate Creations Network Inc., Resident Agent<br>28175 Haggerty Road<br>Novi, MI 48377 |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
David B. Timmis (P40539)
David Q. Houbeck (P77002)
Vandeveer Garzia, PC
840 W. Long Lake, Suite 600, Troy, MI 48098
(248) 312-2901

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party or **take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>10/30/2023 | Expiration date<br>1/29/2024 | Court clerk<br>[signature] |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23) **SUMMONS**      MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Summons (3/23)                                            Case No. 23-    -NO

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served    ☐ personally    ☐ by registered or certified mail, return receipt requested, and delivery restricted to the addressee (copy of return receipt attached)    a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____ .
Attachments (if any)                                                  Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

ADNAN ASMAR and SAJDA ASMAR,

2023-003710-NO

Case No. 23-      -NO
Hon. RICHARD L. CARETTI

Plaintiffs,

vs.

MACY'S RETAIL HOLDINGS, LLC, a Foreign Limited Liability Company, and MACY'S MALL REAL ESTATE, LLC, a Foreign Limited Liability Company,

Defendants.
_____/

DAVID B. TIMMIS (P40539)
DAVID Q. HOUBECK (P77002)
VANDEVEER GARZIA, P.C.
Attorneys for Plaintiffs
840 W. Long Lake Rd., Suite 600
Troy, MI 48098
(248) 312-2800
dtimmis@vgpclaw.com
dhoubeck@vgpclaw.com
_____/

RECEIVED
OCT 3 0 2023
ANTHONY G. FORLINI
Macomb County Clerk

## COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in the Complaint pending in the Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge, nor is there any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in the Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a Judge in the Court.

NOW COME the Plaintiffs, ADNAN ASMAR and SAJDA ASMAR, by and through their attorneys, VANDEVEER GARZIA, P.C., and in their Complaint against the Defendants, MACY'S RETAIL HOLDINGS, LLC and MACY'S MALL REAL ESTATE, LLC, states as follows:

## PARTIES, JURISDICTION AND VENUE

1. The Plaintiffs, ADNAN ASMAR and SAJDA ASMAR, are residents of the City of Sterling Heights, County of Macomb, State of Michigan.

2. Defendant, MACY'S RETAIL HOLDINGS, LLC, is a foreign limited liability company doing business at 14200 Lakeside Circle, Sterling Heights, MI 48313 with its resident agent, Corporate Creations Network, Inc., located at 28175 Haggerty Road, Novi, MI 48377.

3. Defendant, MACY'S MALL REAL ESTATE, LLC, is a foreign limited liability company doing business at 14200 Lakeside Circle, Sterling Heights, MI 48313 with its resident agent, Corporate Creations Network, Inc., located at 28175 Haggerty Road, Novi, MI 48377

4. The acts and occurrences from which this matter arises occurred in the City of Sterling Heights, County of Macomb, State of Michigan.

5. Jurisdiction and venue are properly placed in the Macomb County Circuit Court as the events giving rise to this matter occurred in the County of Macomb, State of Michigan, and the amount of controversy exceeds the sum of Twenty-Five Thousand Dollars ($25,000), exclusive of costs, interest, and attorney fees.

## COMMON ALLEGATIONS

6. On or about December 18, 2022, the Plaintiff, ADNAN ASMAR, was a business invitee at the Defendants' retail store located at the Lakeside Mall in Sterling Heights, Michigan.

7. The Defendants' store, including but not limited to the men's department, was overcrowded with merchandise and clothing racks and in a state of disarray.

8. While shopping in the aisles of the men's department of the Defendants'

store which had been made extremely narrow by the excessive amount of clothing and clothing racks which had been placed on display, the Plaintiff, ADNAN ASMAR, tripped on the base of a clothing rack and fell to the ground.

9. The Plaintiff's fall caused severe injuries to his right leg requiring emergency medical treatment and surgery, as well as physical pain, suffering, extreme shock, fright, emotional anguish, permanent serious impairments, disfigurement, permanent serious scarring, and mental distress from the incident.

## COUNT I – PREMISES LIABLITY/NEGLIGENCE

10. The Plaintiffs restate, reallege, and incorporate by reference paragraphs 1 - 9 as thought fully set forth herein.

11. On or about December 18, 2022, the Plaintiff, ADNAN ASMAR, was lawfully at Defendants' retail store located at the Lakeside Mall in Sterling Heights, Michigan as an invitee.

12. The Defendants owed a duty of reasonable care to the Plaintiff to, among other things, properly maintain its premises in a reasonably safe condition, to warn the Plaintiff of known hazards, and were in a position to best control and prevent the conditions exposing the Plaintiff to the unreasonable risk of harm, and knew or should have known of the defective and unsafe condition in its store.

13. The Defendants also owed a duty to the Plaintiff to inspect the premises for hazards and/or to repair discovered hazards to ensure that the premise would pose no risk of unreasonable harm to those lawfully on the premise.

14. Notwithstanding the Defendants knowledge of its duties and in total disregard of said duties, the Defendants breached its duties and were negligent in one or more of the following ways:

3

a. By situating the clothing that was for sale on clothing racks that were not designed to display or market the volume of clothing on each rack, making it more likely that clothing would fall from the rack and the falling clothes obscuring the clothing racks, including the legs or feet of the rack, creating a risk of tripping and falling;

b. By overfilling the clothing racks, and utilizing too many clothing racks in the area where the Plaintiff fell, as well as throughout the store, the aisles in the men's clothing department became more difficult to navigate, given the narrow aisles, resulting in an unreasonable risk of tripping and falling;

c. By placing too much product on too many clothing racks throughout the men's clothing department, created a situation where the hazards associated with the overstocked aisles of the men's clothing department were incapable of being seen by the shoppers who were invited to the Defendant's store;

d. By placing the profits to be derived by the increased sales over the importance of the safety of its customers;

e. By placing too many clothing racks in the men's department which prevented customers, such as the Plaintiff, from observing and avoiding and/or safely traversing the aisleways;

f. By allowing clothes to accumulate on top of, next to, and underneath the clothing racks, thereby negligently and carelessly increasing the hazardous condition(s);

g. By failing to inspect the area where the Plaintiff's tripped and fell, thereby negligently and carelessly increasing the hazardous condition(s);

4

h. By failing to maintain the area where the Plaintiff fell and/or pick up the clothing which had fallen or been placed on the ground around or near the clothing racks and in the aisleways;

i. By failing to space the clothing racks at a reasonable distance apart from one another to allow for safe passage through the aisleways;

j. By placing too much merchandise on display and failing to inspect the area thereby negligently and carelessly increasing the hazardous condition(s);

k. By failing to inform and/or warn invitees and/or customers of the dangerous condition that existed, overstocked aisles which obscured dangerous conditions such as the legs or feet of the clothing racks, which were the cause of the trip and fall which is the subject of this lawsuit; and

l. By other manners of negligence currently unknown, but which will be ascertained through the course of discovery.

15. The Defendants knew, or by the exercise of reasonable care should have known, of the dangerous condition(s) within its stores and knew or should have known that the dangerous condition(s) involved an unreasonable risk of harm to its customers, such as the Plaintiff, about which the Defendants failed to provide a warning to its customers and/or invitees.

16. The Defendants knew or should have expected that its customers, such as the Plaintiff, would not have discovered or realized the dangerous condition(s) that was the result by the Defendants acts and/or omissions.

17. The Defendants failed to protect its customers, including the Plaintiff, from the danger which existed in its store, more specifically, exhibiting far too many products for sale and intentionally attempting to draw the attention of shoppers at the store,

5

including the Plaintiff, despite the Defendants' knowledge that the previously referenced and previously described hazard existed throughout the Defendants' store, including the area within the men's department where the Plaintiff fell.

18. As a direct and proximate result of the Defendants' negligence, the Plaintiff, ADNAN ASMAR, suffered and will continue to suffer serious, grievous, severe, and permanent injuries, disabilities, and damages, the full extent and character of which are not yet fully known, or have not yet been fully determined, but will include and are not limited to the following:

    a. Injuries to the Plaintiff's right leg which required emergency medical attention and surgery;

    b. Pain, suffering, discomfort, disability impairments, and extreme physical and emotion suffering;

    c. Severe and continuing embarrassment, humiliation, anxiety, tension, and mortification;

    d. Permanent emotional disorders;

    e. Fear of crowded spaces and falling;

    f. Permanent and serious disfigurement;

    g. Permanent scarring;

    h. Loss the natural enjoyments of life;

    i. Loss of earnings and earning capacity; and

    j. Expenditures for hospital, physicians, medicinal things and substances, past, present, and future.

WHEREFORE, the Plaintiffs, ADNAN ASMAR and SAJDA ASMAR, respectfully prays for a judgment against Defendants, MACY'S RETAIL HOLDINGS, LLC and

MACY'S MALL REAL ESTATE, LLC, in sum in excess of Twenty-Five Thousand Dollars ($25,000.00) in actual damages, which does not include the exemplary damages, treble damages, consequential damages, compensatory damages, declaratory relief, costs, interests, and/or attorney fees to which the Plaintiffs are and/or may be entitled.

## COUNT II – LOSS OF CONSORTIUM

19. The Plaintiffs restate, reallege, and incorporate by reference paragraphs 1 - 18 as thought fully set forth herein.

20. At the time of the subject incident, the Plaintiffs, ADNAN ASMAR and SAJDA ASMAR, were married and continued to be married.

21. As a result of the Defendants' wrongful and negligent acts, the Plaintiff, SAJDA ASMAR, has suffered a loss of consortium, including but not limited to the loss of society and companionship of her husband, ADNAN ASMAR, as well as a loss of the household services that he provided and a loss of the incidents of the marital relationship that they previously enjoyed.

22. The injuries suffered by Plaintiff, SAJDA ASMAR, were caused solely and proximately by the negligence and wrongful acts of the Defendants.

WHEREFORE, the Plaintiffs, ADNAN ASMAR and SAJDA ASMAR, respectfully prays for a judgment against Defendants, MACY'S RETAIL HOLDINGS, LLC and MACY'S MALL REAL ESTATE, LLC, in sum in excess of Twenty-Five Thousand Dollars ($25,000.00) in actual damages, which does not include the exemplary damages, treble damages, consequential damages, compensatory damages, declaratory relief, costs, interests, and/or attorney fees to which the Plaintiffs are and/or may be entitled.

Respectfully submitted,

VANDEVEER GARZIA, P.C.

By: _____
DAVID B. TIMMIS (P40539)
DAVID Q. HOUBECK (P77002)
Attorneys for Plaintiff
840 W. Long Lake Rd., Ste. 600
Troy, MI 48098
(248) 312-2800

Dated: October 23, 2023

8

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

ADNAN ASMAR and SAJDA ASMAR,

2023-003710-NO

Case No. 23-       -NO
Hon. RICHARD L. CARETTI

Plaintiffs,

vs.

MACY'S RETAIL HOLDINGS, LLC, a Foreign Limited Liability Company, and MACY'S MALL REAL ESTATE, LLC, a Foreign Limited Liability Company,

Defendants.

RECEIVED

OCT 3 0 2023

ANTHONY G. FORLINI
Macomb County Clerk

_____/

DAVID B. TIMMIS (P40539)
DAVID Q. HOUBECK (P77002)
VANDEVEER GARZIA, P.C.
Attorneys for Plaintiffs
840 W. Long Lake Rd., Suite 600
Troy, MI 48098
(248) 312-2800
dtimmis@vgpclaw.com
dhoubeck@vgpclaw.com
_____/

## DEMAND FOR TRIAL BY JURY

NOW COME the Plaintiffs, ADNAN ASMAR and SAJDA ASMAR, by and through their attorneys, VANDEVEER GARZIA, P.C., and do hereby demand a trial by jury in the above-captioned matter.

Respectfully submitted,
VANDEVEER GARZIA, P.C.

By: _____
DAVID B. TIMMIS (P40539)
DAVID Q. HOUBECK (P77002)
Attorneys for Plaintiffs
840 W. Long Lake Rd., Ste. 600
Troy, MI 48098
(248) 312-2800

Dated: October 23, 2023

9

NOV 28 2023